UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTIN LEE HARDY,

    Plaintiff,

v.

ROMERO, et al.,

    Defendants.

No. 2:25-cv-2638 CSK P

ORDER

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On October 1, 2025, plaintiff provided a signed complaint. (ECF No. 4.) Therefore, the unsigned complaint (ECF No. 1) is stricken. As discussed below, plaintiff's signed complaint is dismissed with leave to amend.

I.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S COMPLAINT

Plaintiff alleges that on May 26, 2024, after he reported suicidal ideation, defendants Romero, Habrerra, and Iberra, correctional officers at "Folsom/Sacramento, California," subjected plaintiff to cruel and unusual punishment by placing plaintiff, handcuffed behind his back and in leg restraints, in a holding cell for five hours without water or restroom breaks, despite plaintiff's complaints of shoulder pain and need to use the restroom. (ECF No. 4 at 8-10.)

3

As a result of the prolonged handcuffing, plaintiff sustained injury to his right shoulder, which prevents him from doing push-ups without pain. Plaintiff seeks money damages. (Id. at 9.)

IV.     DISCUSSION

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotation marks and citation omitted). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-03). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff alleges that he notified all three defendants that plaintiff was suffering shoulder pain and needed to use the restroom, but defendants "responded that they could not allow plaintiff to use the restroom, and that [plaintiff] would have to wait to be seen by a clinician." (ECF No. 4 at 8-9.) Plaintiff was placed in the holding cell to await being seen by a mental health clinician due to his report of suicidal ideation. Plaintiff sets forth no facts demonstrating any defendant was acting with a sufficiently culpable state of mind. It is unclear whether any of the defendants applied the handcuffs, or whether the handcuffs were applied in a manner to cause pain in plaintiff's shoulder area.

To the extent that plaintiff contends the conditions of his housing in the holding cell for

five hours without water or restroom breaks violated his Eighth Amendment rights, plaintiff also failed to set forth facts that defendants acted with a sufficiently culpable state of mind. "The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832 (quoting Rhodes v. Chapman, 452 U.S. at 349). Plaintiff fails to allege facts to demonstrate that the conditions in the holding cell were so inhumane that they violated the Eighth Amendment. In this district, a court has found that being restricted to a holding cell for eight and a half hours without bathroom access was insufficient to state a claim. Garcia v. Garcia, 2018 WL 11257395, at *5 (E.D. Cal. May 30, 2018) ("Plaintiff's suggestion that he was in the holding cell for approximately 8 1/2 hours without restroom access or food is insufficient to state a claim."); see also Hopson v. Kings Cnty. Jail, 2025 WL 565242, at *6 (Feb. 20, 2025) ("Here, Plaintiff's allegations that he was denied the use of the toilet in his cell because it was overflowing on a single occasion for about five hours are insufficient to state a claim upon which relief may granted."). Further, plaintiff alleges no facts suggesting any defendant was aware that the conditions in the holding cell were so inhumane that they constituted a substantial risk of serious harm

Plaintiff cites a prison policy that requires that an inmate put in restraints must be provided fluids and nourishment every two hours, and must be restrained to avoid discomfort. (ECF No. 4 at 9.) "[S]tate departmental regulations do not establish a federal constitutional violation." Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009). Rather, plaintiff must set forth facts demonstrating that each defendant violated plaintiff's constitutional rights.

Finally, plaintiff failed to clearly identify in which prison this incident took place. Plaintiff states the three defendants were "assigned to the prison at Folsom/Sacramento." (ECF No. 4 at 8.) But two prisons are located in the Folsom/Sacramento area: Folsom State Prison, Represa, California, and California State Prison, Sacramento, also located in Represa, California. In any amended complaint, plaintiff must clearly identify where the incident took place, as well as the specific prison in which each defendant was working so that the Court may accomplish service on the defendant.

V.    LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is

5

unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to strike plaintiff's original, unsigned complaint. (ECF No. 1.)

Dated: November 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hard2638.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN LEE HARDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　　Defendants. | No.  2:25-cv-2638 CSK P<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

　　　　　　　　　　☐　　Amended Complaint

　　　　　　　　　　(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff